UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE ROBINSON

07 CIV 7244

McCORMICK & CO., INC.,

    Plaintiff,

v.

KARI-OUT CLUB, LLC
t/a KARI-OUT CO.,

    Defendant.

Case No.

COMPLAINT

Plaintiff McCormick & Company, Incorporated ("McCormick"), by and through its attorneys DLA Piper US LLP, hereby brings suit against Defendant Kari-Out Club, LLC t/a Kari-Out Company ("Kari-Out") and alleges as follows:

### NATURE OF THE CASE

1. This is an action for negligence to recover damages resulting from a fire caused by Kari-Out employees at McCormick's manufacturing plant in South Bend, Indiana. In blatant disregard of agreed-upon fire safety warnings and instructions, Kari-Out employees improperly used a plasma torch when attempting to cut out certain equipment Kari-Out had purchased from McCormick and ignited a fire that caused extensive damage throughout the plant. As a result of the fire and Kari-Out's negligence, McCormick has suffered significant losses in excess of $1.1 million.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) based on McCormick's citizenship in the State of Maryland and Kari-Out's citizenship in a state other than Maryland, and the fact that the matter in controversy is in

excess of $75,000, exclusive of interest and costs. This Court has personal jurisdiction over Kari-Out, because Kari-Out has its principal place of business in this District and is thereby a citizen of this District. Kari-Out also transacts and solicits business in this District regularly and purposefully and has had systematic and continuous contacts with this District.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(3) because Kari-Out has its principal place of business in this District.

## PARTIES

4. McCormick is a leading global supplier of value-added flavor solutions, headquartered at 18 Loveton Circle, Sparks, Maryland 21152. McCormick manufactures, markets, and distributes herbs, spices, seasonings, flavors, and other food products to retail outlets, food service providers, and food processors. McCormick is a corporation organized under the laws of the State of Maryland.

5. Upon information and belief, the legal name of Kari-Out Company appears to be Kari-Out Club, LLC. Upon information and belief, Kari-Out is a corporation organized under the laws of the State of New York and has its principal place of business at 399 Knollwood Road, Suite 309, White Plains, New York 10603. Upon information and belief, Kari-Out is a manufacturer and marketer of food condiments.

6. McCormick sells its products in interstate commerce. Upon information and belief, Kari-Out sells its products in interstate commerce.

## FACTUAL BACKGROUND

7. In Fall 2006, Kari-Out agreed to purchase certain production equipment owned by McCormick located in a manufacturing and packaging plant in South Bend,

Indiana. The equipment was affixed to a raised steel platform inside the plant, requiring it to be cut out before it could be transported from McCormick to Kari-Out.

8. On the morning of October 18, 2006, Kari-Out sent several of its employees to McCormick's plant to remove the equipment. The equipment could have been cut out in a variety of ways, and McCormick's on-site general contractor, Shambaugh & Son, LP ("Shambaugh"), previously had contacted Kari-Out to request that Kari-Out utilize a saw for this purpose. Despite this request, Kari-Out's employees chose to bring a plasma torch to remove the equipment. Kari-Out was not a subcontractor of Shambaugh.

9. Before allowing Kari-Out to begin the removal, Johnny Davis, a Shambaugh employee, convened a meeting in his office with Kari-Out's employees. At this meeting, Mr. Davis reviewed the safety, hot work, and fire policies followed by McCormick and Shambaugh at the plant. During the meeting, Mr. Davis notified Kari-Out that a fire watch was required for all hot work performed with the plasma torch and that a fire extinguisher must be on hand.

10. Mr. Davis also advised Kari-Out that a plasma torch could be used to cut the steel platform into sections, but only after the platform had been removed from the ceiling structure and placed on the floor of the plant. Mr. Davis directed that a plasma torch could be used for no other purpose. Kari-Out agreed to follow all safety policies.

11. Despite Kari-Out's agreement to follow these safety policies, at least one Kari-Out employee ignored these instructions and utilized the plasma torch for additional work, which included cutting through a stainless steel conduit that contained plastic tubing located near the center of the platform. This act ignited the plastic tubing and

caused a fire in the pipe.

12. Also contrary to the agreed to safety procedures, Kari-Out did not have a fire extinguisher on hand. Therefore, after realizing that their unauthorized use of the plasma torch had caused a fire, a Kari-Out employee had to ask for a fire extinguisher from an individual at the plant. After retrieving the plant's fire extinguisher, a Kari-Out employee discharged the extinguisher in an attempt to put out the fire.

13. Kari-Out's employees then carelessly concluded that the fire had been extinguished and departed for lunch shortly thereafter. Kari-Out did not inform anyone from McCormick or Shambaugh about the fire.

14. At the time Kari-Out's employees departed for lunch, the fire, in fact, had not been extinguished and had traveled up through the steel conduit to the ceiling of the plant. The plant engineer, a McCormick employee, observed flames and smoke, and ordered evacuation of the area. The plant engineer also activated the fire alarm and called the South Bend Fire Department, who eventually extinguished the fire.

15. As a result of the fire, McCormick suffered serious property damage from the fire throughout its plant. In addition, the fire caused the closure of the entire facility and suspension of all operations, causing the loss of all production for one week.

16. The fire had a significant financial impact on McCormick. In total, McCormick has suffered well over $1 million in losses resulting from extensive damage to the plant and its equipment, repair costs, and lost production caused by the fire.

17. On October 24, 2006, McCormick sent a letter to Kari-Out advising that McCormick "will look to Kari-Out to promptly reimburse McCormick for all of its losses in damages" arising from the fire. McCormick also stated that one of its first priorities

was to get the plant back in operation and that it would contact Kari-Out after calculating the losses in damages suffered by McCormick.

18.    On December 20, 2006, McCormick sent Kari-Out a letter, summary, and files documenting McCormick's total losses to date. McCormick requested that Kari-Out promptly consider its claim package and reimburse its losses without delay.

19.    To date, Kari-Out has failed to compensate McCormick for any amount of its losses caused by the fire.

## COUNT I

### Common-Law Negligence

20.    McCormick repeats and realleges the allegations of paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21.    Kari-Out had a duty of care towards McCormick.

22.    Kari-Out breached its duty of care by failing to follow proper safety procedures and policies while removing certain equipment at McCormick's plant, among other things by using a plasma torch for improper purposes and by failing to have a fire extinguisher on hand, all in violation of McCormick's instructions and proper safety procedures.

23.    As a direct and proximate result of Kari-Out's breach, McCormick has suffered damages in an amount to be determined at trial, but in no event less than $1,100,000.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff McCormick demands judgment against Defendant Kari-Out as follows:

A.  An award of compensatory damages suffered to date in an amount in excess of $1,100,000 to be determined at trial;

B.  An award of pre-judgment interest and costs; and

C.  Such other and further relief as the Court deems just, reasonable, and appropriate in the circumstances.

Dated: August 14, 2007
New York, New York

*/s/ Stephanie K. Vogel*
Stephanie K. Vogel (SV 8591)
DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY 10020-1104
Tel:  (212) 335-4795
Fax:  (212) 884-8695
stephanie.vogel@dlapiper.com

David H. Bamberger (*pro hac vice* motion pending)
Syma Mirza (Not Admitted in SDNY)
DLA PIPER US LLP
1200 19th Street, N.W.
Washington, D.C. 20036
Tel:  (202) 861-3995
Fax:  (202) 689-7425
david.bamberger@dlapiper.com
syma.mirza@dlapiper.com

Attorneys for Plaintiff
McCormick & Company, Incorporated