UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

McCORMICK & CO., INC.,                         07-CV-7244 (SCR)

                        Plaintiff,              **DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

       -against-

KARI-OUT CLUB, LLC, t/a KARI-OUT CO.,

                        Defendant.
-----------------------------------------------------------------X

       The defendant, PERK UP, INC., s/h/a "KARI-OUT CLUB, LLC, t/a KARI-OUT CLUB, CO.", (hereinafter "PERK UP"), by its attorneys, LEWIS JOHS AVALLONE AVILES, LLP, hereby serves the following interrogatories to Plaintiff pursuant to Federal Rule Civil Procedure Local Rule 33 and Local Rule 33.3, to which sworn answers must be provided by Plaintiff within thirty (30) days after service of same.

## INSTRUCTIONS

    1. The answer to each interrogatory shall include such knowledge or information as is within the custody, possession or control of you, including but not limited to knowledge, information and documents in the custody, control or possession of your accountants, engineer(s), consultants, attorneys or other agents. If you cannot answer an interrogatory in full, after exercising due diligence to secure the information requested, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

    2. Each interrogatory is to be answered separately and completely in writing under oath

    3. The full text of the interrogatory (or part thereof) to which any answer is intended

report, study and message, and each photograph, microfilm, tape, wire, telegram, telex, cable, computer disc, computer printout or record, and other electronic or mechanical record

5. "Person" shall refer to any individual, corporation, partnership, government agency or other identifiable entity,

6. "Identify" when used with respect to a document means describe the document in a manner sufficient for a subpoena duces tecum or a request for production, including the date, author and addressee, if any, and the present custodian of each writing and any copies thereof.

7. "Identify" or "identity" when used with respect to an individual person means to state (i) their full name and present or last known residence, (ii) their present or last known business address, and (iii) the positions and business affiliations at the time in question.

8. "Communications" means every manner of transmitting and receiving facts, information, opinion and thoughts, whether orally, by document, writing or copy thereof, or otherwise.

9. Where an interrogatory asks that plaintiff "identify" a communication or whether in response to an interrogatory it is stated that any communication was written or oral in whole or in part:

(a) If written, in whole or in part, a true copy of such writing may be attached to the response. If a true copy of such writing is not attached, then identify that writing in accordance with the provisions of paragraph "4" above.

(b) If oral, in whole or in part, set forth in detail and in particularity (i) the date and place of each such conversation; (ii) each person present at each such conversation; (iii) whether each such conversation was in person, by telephone or otherwise; and (iv) the substance of each such conversation specifying who said what to whom. If there are any notes, memoranda, diary entries or other writing substantiating or relating in any way to any such conversation identify or

set forth a true copy of each such writing

10. "Identify" or "identity", when used in reference to an alleged act, error, omission, representation, statement, duty (contractual or otherwise), breach of duty (contractual or otherwise), commission or omission of any activity, failure to perform any alleged duty, service or obligation in any manner whatsoever shall mean:

  a. The date of the alleged act or omission, etc;

  b. The place of the act or omission, etc; and

  c. Identification of who acted on behalf of any person or entity with respect to the alleged act or omission, etc.

11. Whenever used herein, the singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including without limitation"

## INTERROGATORIES

1. Identify all persons with knowledge of the facts set forth in plaintiff's complaint, and for each such person, describe the matters about which said person has knowledge and when same was obtained.

2. Identify all documents provided to the defendant pertaining to fire safety warnings and instructions, as same is referred to in paragraph "1" of plaintiff's complaint, and state to whom each such document was given.

3. Identify all persons who purportedly issued any fire safety warnings and instructions, including any prohibition on the use of a plasma torch, to defendant's employees prior to the fire which occurred on October 18, 2006.

4. For every warning or instruction contained in response to Interrogatory "3" above, state in detail the substance of each such communication, and to whom such warning or

instruction was given, by whom, when, and in what form (ie. in person, in writing, by telephone, by email, or any other form), and state what responses were given by defendant's employees.

5.     Set forth the bases of plaintiff's information and factual basis for its belief that the defendant's use of a plasma torch prior to the fire was improper.

6.     Identify those employees, if any, of the plaintiff or its agents, servants and/or employees who gave permission to the defendant to use a plasma torch prior to the fire on October 18, 2006. If no such employee ever gave such permission, please so advise.

7.     Identify any individual(s) who had contacted the defendant and requested that the defendant's employees use a saw in order to remove equipment from the plaintiff's facility prior to the incident, as same is alleged in paragraph "8" of plaintiff's complaint, and produce a copy of any document supporting the allegation that such request was made.

8.     Identify all individuals, whether employees of the plaintiff, Shambaugh or any other entity, who had knowledge of the defendant's use of the plasma torch referred to in the Complaint prior to the incident.

9.     Identify those individuals present at any meeting held by Johnny Davis, a Shambaugh employee, prior to the defendant's beginning to remove equipment from the plaintiff's facility, as same is alleged in paragraph "9" of plaintiff's Complaint.

10.    Advise as to whether plaintiff ever submitted a claim to any insurance company or carrier with respect to the complained of occurrence, and if so, state whether plaintiff received any monies from any source with respect to the damages it claims to have sustained as a result of the complained of occurrence.

11.    Advise with specificity the location and origin of the fire at plaintiff's facility.

12.    Advise whether any incident or accident report(s) was prepared following the complained of occurrence, and if so, identify those employees who prepared said incident or

accident report(s), and produce a copy of same.

13. Identify all individuals, whether employees of plaintiff, Shambaugh, a municipal authority, or any other entity, involved in investigating the cause of the fire and the amount of plaintiff's damages.

14. Identify all individuals who met with any employee of the defendant subsequent to the complained of occurrence.

15. Identify any document(s) shown to any employee of the defendant at any meeting which occurred subsequent to the complained of occurrence.

16. State the date on which the plaintiff's facility returned to substantially the same operational status as prior to the subject fire.

17. Advise whether the plaintiff had in its facility a sprinkler system, and if so, whether same was activated as a result of the complained of occurrence.

18. In the event plaintiff had a sprinkler system, identify those individuals and/or entities responsible for inspecting and maintaining same, and identify date said system was last inspected.

19. Identify all individuals (whether employees of the plaintiff or not) and/or entities responsible for supervising the work being performed by the defendant prior to the incident.

20. Identify the "Maintenance Work Leader" responsible for supervising any "Hot Work" being performed at the plaintiff's facility prior to the incident. If no such Maintenance Work Leader was ever assigned, please so advise.

21. Advise who contacted the defendant to advise that they must come to Plaintiff's facility to remove equipment, and what form such communication took.

22. Describe the details of any communication(s) with the defendant concerning the removal of the equipment from the Plaintiff's South Bend, Indiana, facility, setting forth the

bcc: ~~RWD (Trial Attorney)~~ dates and locations of any such conversation(s), the means of communication (phone, fax, in person, e-mail, etc.) and the identities of all persons with knowledge of these conversations.

23. Describe the details of any conversation(s) between any agent, servant or employee of the Plaintiff with the defendant concerning the incident, which occurred after the incident, setting forth the dates and locations of any such conversation(s) and advising whether minutes of same were taken. Kindly also advise as to whether any of these meetings were in any way recorded.

24. Set forth the basis for the claim that the damages incurred by the Plaintiff amounted to $1,100,000, and produce all documents supporting the claim.

Dated: Melville, New York
November 21, 2007

By: _____
Jason T. Katz (4674)
LEWIS JOHS AVALLONE AVILES, LLP
Attorneys for Defendant
425 Broad Hollow Road
Melville, New York 11747
(631) 755-0101
LJAA File No.: 114-1076

TO:
John Vukelj, Esq.
Stephanie Vogel, Esq.
DLA PIPER US LLP
Attorneys for Plaintiff
1251 Avenue of the Americas
New York, NY 10020-1104
(212) 335-4500

David H. Berger (admitted pro hac vice)
Syma Mirza (SM 1749)
DLA PIPER US LLP
500 8th Street, N.W.
Washington, DC 20004
(202) 799-4500

STATE OF NEW YORK)
                 ) S.S.:
COUNTY OF SUFFOLK)

JESSICA COLANGELO, being duly sworn, deposes and says:

That deponent is not a party to the within action, is over 18 years of age and resides in Oceanside, New York.

That on the 21st day of November, 2007, deponent served the within FIRST SET OF INTERROGATORIES TO PLAINTIFF on the attorneys below set forth representing the parties, as indicated, at the addresses shown, said addresses being designated by said attorneys for that purpose:

DLA PIPER US LLP
Attorneys for Plaintiff
1251 Avenue of the Americas
New York, NY 10020-1104

David H. Berger (admitted pro hac vice)
Syma Mirza (SM 1749)
DLA PIPER US LLP
500 8th Street, N.W.
Washington, DC 20004

by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York

JESSICA COLANGELO

Sworn to before me this
21st day of November, 2007.

_____
NOTARY PUBLIC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

McCORMICK & CO., INC.,,

                                        Plaintiff,

- against -

KARI-OUT CLUB, LLC,

                                        Defendants

---

## DEFENDANT'S FIRST SET OF INTERROGATORIES

---

### LEWIS JOHS
Lewis Johs Avallone Aviles, LLP

Counsellors at Law

*Attorneys for*

*Office and Post Office Address*
425 Broad Hollow Road, Suite 400 • Melville, NY 11747
631.755.0101 • Fax 631.755.0117
FILE #:_____

---

**CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. § 130-1.1a**

The undersigned hereby certifies that, pursuant to 22 N.Y.C.R.R. § 130-1.1a, the contentions contained in the annexed document(s) is not frivolous nor frivolously presented

---

Service of a copy of the within                                   is hereby admitted

Dated,

                    Attorney(s) for

---

Sir: Please take notice
☐ **NOTICE OF ENTRY**
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on         20
☐ **NOTICE OF SETTLEMENT**
that an order                   of which the within is a true copy will be presented for
settlement to the HON.                                      one of the judges
of the within named court, at
on                     20      at      M.

*Yours, etc.*

### LEWIS JOHS
Lewis Johs Avallone Aviles, LLP

Counsellors at Law

Dated,

To

*Attorneys for*

Attorney(s) for

*Office and Post Office Address*
425 Broad Hollow Road, Suite 400
Melville, NY 11747