UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
McCORMICK & CO., INC.,                              07-CV-7244 (SCR)

                      Plaintiff,
    -against-                                      **DEFENDANT'S FIRST**
                                                                                                                                        **REQUEST FOR PRODUCTION**
                                                                                                              **OF DOCUMENTS**

KARI-OUT CLUB, LLC, t/a KARI-OUT CO.,

                      Defendant.
----------------------------------------------------------------X

The defendant, PERK UP, INC., s/h/a "KARI-OUT CLUB, LLC, t/a KARI-OUT CLUB, CO.", by its attorneys, LEWIS JOHS AVALLONE AVILES, LLP, hereby serves defendant's first request for production of documents.

### DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure, defendant, PERK UP, INC., s/h/a "KARI-OUT CLUB, LLC, t/a KARI-OUT CLUB, CO." ("Defendant") requests that plaintiff, McCORMICK & CO., INC. ("Plaintiff") produce and make available for inspection and copying the documents in Plaintiff's possession, custody, or control described below. These Requests are continuing in their nature and Plaintiff should file supplementary responses in the event that it later obtains possession or control of documents within the scope of these Requests

### DEFINITIONS

1. The term "Plaintiff" shall mean McCORMICK & CO. INC., the plaintiff in the within action.

2. The term "answering defendant" shall mean defendant PERK UP, INC., s/h/a "KARI-OUT CLUB, LLC, t/a KARI-OUT CLUB, CO."

3. "Oral communications" shall include, without limitation, face to face communications, telephone conversations and e-mail communications.

4. The term "document" shall refer to every matter in writing, including the original and all non-identical copies, whether typed, handwritten, printed or otherwise, including without limitation, each e-mail, note, memorandum, letter, analysis, chart, invoice, estimate, receipt, ticket, proposal, account book, statement, draft, copy, summary, diary, order, manual, application, report, study and message, and each photograph, microfilm, tape, wire, telegram, telex, cable, computer disc, computer printout or record, and other electronic or mechanical record

5. "Person" shall refer to any individual, corporation, partnership, government agency or other identifiable entity,

6. "Identify" when used with respect to a document means describe the document in a manner sufficient for a subpoena duces tecum or a request for production, including the date, author and addressee, if any, and the present custodian of each writing and any copies thereof.

7. "Identify" or "identity" when used with respect to an individual person means to state (i) their full name and present or last known residence, (ii) their present or last known business address, and (iii) the positions and business affiliations at the time in question.

8. "Communications" means every manner of transmitting and receiving facts, information, opinion and thoughts, whether orally, by document, writing or copy thereof, or otherwise.

9. Where an interrogatory asks that plaintiff "identify" a communication or whether in response to an interrogatory it is stated that any communication was written or oral in whole or in part:

(a) If written, in whole or in part, a true copy of such writing may be attached. If a true copy of such writing is not attached, then identify that writing in accordance with the provisions of paragraph "4" above.

(b) If oral, in whole or in part, set forth in detail and in particularity (i) the date and place of each such conversation; (ii) each person present at each such conversation; (iii) whether each such conversation was in person, by telephone or otherwise; and (iv) the substance of each such conversation specifying who said what to whom. If there are any notes, memoranda, diary entries or other writing substantiating or relating in any way to any such conversation identify or set forth a true copy of each such writing

10. "Identify" or "identity", when used in reference to an alleged act, error, omission, representation, statement, duty (contractual or otherwise), breach of duty (contractual or otherwise), commission or omission of any activity, failure to perform any alleged duty, service or obligation in any manner whatsoever shall mean:

a. The date of the alleged act or omission, etc;

b. The place of the act or omission, etc; and

c. Identification of who acted on behalf of any person or entity with respect to the alleged act or omission, etc.

11. Whenever used herein, the singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including without limitation".

## REQUESTS

1. A complete copy of all agreement(s) and/or contract(s) entered into between the plaintiff and the defendant prior to the complained of occurrence.

2. A complete copy of all agreement(s) and/or contract(s) entered into between plaintiff and Shambaugh & Son, LP ("Shambaugh") in effect on the date of incident.

3. All documents provided by the plaintiff, Shambaugh or any other entity to the defendant with respect to its removal of equipment from plaintiff's manufacturing and packaging

plant located in South Bend, Indiana.

4. All documents that refer and/or relate to the cause and origin of the fire which occurred at said plant on October 18, 2006 ("the incident").

5. All documents that refer and/or relate to plaintiff's safety policies and/or procedures and which was applicable to the work defendant was to perform at plaintiff's plant prior to the incident.

6. All statements made by and/or taken from any employee or representative of the defendant.

7. All documents that refer and/or relate to any damages being claimed by the plaintiff.

8. Duplicate originals of all photographs depicting the location of the fire both pre and post incident. The cost of duplication shall be borne by the defendant.

9. All incident/accident reports prepared by the plaintiff, its agents, servants and representatives, including any report(s) prepared by Shambaugh, with respect to the complained of occurrence.

10. All documents prepared and/or exchanged by plaintiff and Shambaugh after the complained of occurrence and which addresses the complained of occurrence.

11. A copy of any policy of insurance in effect on the date of incident and which would have afforded the plaintiff insurance coverage for any damage(s) caused by or due to fire.

12. All documents submitted by the plaintiff to any insurance company/carrier or insurance broker with respect to the complained of occurrence.

13. All documents which reflect payment(s) made to the plaintiff for any of its alleged damages following the complained of occurrence.

14. All communications pertaining to the incident, by verbal, written or other means,

with any insurer or insurance broker of the plaintiff.

15. A complete copy of all permits issued to the defendant, including the "Hot Work Permit" prior to the complained of occurrence.

16. Documents with respect to the inspection, repair and maintenance of any sprinkler system at the plaintiff's plant for the period of January 1, 2004 through the date of incident.

17. A complete copy of the curriculum vitae of any expert who may testify at trial on plaintiff's behalf.

18. Any reports prepared by any expert witness who may testify at trial on plaintiff's behalf.

19. Any documents pertaining to the complained of occurrence provided to any potential expert witness who may testify at trial on plaintiff's behalf.

20. A complete copy of the minutes taken at any and all meeting following the incident which addresses the incident or the complained of occurrence

21. Any document which identifies any witness(es) to the complained of occurrence.

Dated: Melville, New York
November 21, 2007

Yours, etc.,

By: _____
Jason T. Katz (4674)
LEWIS JOHS AVALLONE AVILES, LLP
Attorneys for Defendant
425 Broad Hollow Road, Suite 400
Melville, NY 11747
631.755.0101
jtkatz@lewisjohs.com

TO:

John Vukelj, Esq
DLA PIPER US LLP
1251 Avenue of t he Americas
New York, NY 10020-1104
john.vukelj@dlapiper.com

David H. Berger
Syma Mirza
DLA Piper USA
1200 19th Street, N.W.
Washington, DC 20036
Attorney for Plaintiff
McCormick & Company

STATE OF NEW YORK)
                 ) S.S.:
COUNTY OF SUFFOLK)

JESSICA COLANGELO, being duly sworn, deposes and says:

That deponent is not a party to the within action, is over 18 years of age and resides in Oceanside, New York.

That on the 21st day of November, 2007, deponent served the within REQUEST FOR PRODUCTION OF DOCUMENT upon the attorneys below set forth representing the parties, as indicated, at the addresses shown, said addresses being designated by said attorneys for that purpose:

DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY 10020-1104

David H. Berger
Syma Mirza
DLA Piper USA
1200 19th Street, N.W.
Washington, DC 20036
Attorney for Plaintiff
McCormick & Company

by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York

_____
JESSICA COLANGELO

Sworn to before me this
21st day of November, 2007.

_____
NOTARY PUBLIC

**Index No.** 07-CV-7244                                         **Year 20**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

McCORMICK & CO., INC.,,

                                                                                                   Plaintiff,

- against -

KARI-OUT CLUB, LLC,

                                                                                                   Defendants

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**LEWIS JOHS**
Lewis Johs Avallone Aviles, LLP
Counsellors at Law

*Attorneys for*

*Office and Post Office Address*
425 Broad Hollow Road, Suite 400 • Melville, NY 11747
631.755.0101 • Fax 631.755.0117
FILE #:_____

**CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. § 130-1.1a**

The undersigned hereby certifies that, pursuant to 22 N.Y.C.R.R. § 130-1.1a, the contentions contained in the annexed document(s) is not frivolous nor frivolously presented

Service of a copy of the within                                                 is hereby admitted.

Dated,

                    Attorney(s) for

Sir: Please take notice
☐ **NOTICE OF ENTRY**
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on                     20
☐ **NOTICE OF SETTLEMENT**
that an order                           of which the within is a true copy will be presented for
settlement to the HON                                            one of the judges
of the within named court, at
on                               20       at             M.

                                                                                                  *Yours, etc*

Dated,                                                                    **LEWIS JOHS**
                                                              Lewis Johs Avallone Aviles, LLP
                                                                        Counsellors at Law

To     ;                                                            *Attorneys for*

Attorney(s) for                                                                   *Office and Post Office Address*