UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

McCORMICK & CO., INC.,

                    Plaintiff,

      -against-

KARI-OUT CLUB, LLC,
t/a KARI-OUT CO.,

                    Defendant.

------------------------------------------------------------------X

PERK UP, INC., s/h/a KARI-OUT CLUB, LLC,
t/a KARI-OUT CO.,

              Third Party Plaintiff,

      -against-

SHAMBAUGH & SON, LP,

             Third Party Defendant.

------------------------------------------------------------------X

Case No.: 07-CIV-7244 (SCR)

**THIRD PARTY COMPLAINT**

RECEIVED
NOV 26 2007
USDC-WP-SDNY

**TRIAL BY JURY DEMANDED**

       Defendant/third-party plaintiff, PERK UP, INC., s/h/a "KARI-OUT CLUB, LLC, t/a

KARI-OUT CO.", (hereinafter "PERK UP"), by its attorneys, LEWIS JOHS AVALLONE

AVILES, LLP, hereby brings suit against the third-party defendant, SHAMBAUGH & SON, LP,

(hereinafter "SHAMBAUGH") and respectfully alleges, upon information and belief, as follows:

                            **THE PARTIES**

      1.      That at all times hereinafter mentioned, defendant/third-party plaintiff, Perk Up, is

a corporation organized under the laws of the State of New York and has its principal place of

business in White Plains, Westchester County, New York, and does business as Kari-Out

Company.

      2.      That at all times hereinafter mentioned, plaintiff, McCormick & Company, Inc.,

(hereinafter "McCormick") is a corporation organized under the laws of the State of Maryland.

      3.      On or about August 14, 2007, McCormick filed a complaint against Perk Up, and

a copy of same is annexed hereto as Exhibit "A". The answer served by Perk Up is annexed

hereto as Exhibit **"B"**.

4.     That at all times hereinafter mentioned, upon information and belief, third-party defendant Shambaugh is a corporation organized under the laws of the State of Indiana, with its principal place of business at 7614 Opportunity Drive, Fort Wayne, Indiana, 46825. Upon information and belief, Shambaugh is a construction and/or engineering firm.

5.     Upon information and belief, McCormick sells its products in interstate commerce.

6.     Upon information and belief, Shambaugh engages in activities and performs services which effect interstate commerce.

## JURISDICTION AND VENUE

7.     This Court has original jurisdiction of this action pursuant to 28 USC § 1332(a)(1) based on McCormick's citizenship in the State of Maryland and Perk Up's citizenship in a state other than Maryland, and the fact that the matter in controversy allegedly exceeds $75,000. This Court has personal jurisdiction over Perk-Up in that Perk-Up's principal place of business is in this district.

8.     Upon information and belief, Shambaugh transacts and solicits business in this district regularly and purposefully such that it has had continuous contact with this district.

9.     Venue is proper in this district pursuant to 28 USC § 1391(a)(3), as Perk-Up has its principal place of business in this district.

## BACKGROUND

10.     Per plaintiff's complaint, Perk-Up agreed to purchase certain equipment owned by McCormick and located in its manufacturing and packaging facility located in South Bend, Indiana. Per plaintiff's complaint, this equipment was affixed to a steel platform, and had to be "cut out" in order to be removed. See Exhibit "A" at ¶ "7".

11.     It is alleged that Perk Up, in contravention of instructions issued by Shambaugh,

utilized a plasma torch to remove this equipment. It is further alleged that a Shambaugh

employee gave instructions to Perk Up's employees with respect to utilization of this plasma

torch, as well as instructions with respect to plaintiff's fire and safety practices, procedures and

policies. See Exhibit "A" at ¶ 9.

12.    That at all times hereinafter mentioned, and upon information and belief, prior to

October 18, 2006, McCormick and Shambaugh entered into an agreement and/or agreements to

provide, inter alia general contracting and construction safety services at the project and/or

premises known as McCormick's manufacturing and packaging plant located in South Bend,

Indiana.

13.    Upon information and belief, prior to October 18, 2006, Shambaugh was

responsible for implementing the safety, "hot work," fire policies and safety procedures

propounded by plaintiff at plaintiff's manufacturing and packaging plant located in South Bend,

Indiana.

14.    Plaintiff's Complaint alleges, among other things, that damages were sustained by

the plaintiff as a result of the alleged negligence of the defendant.

## AS AND FOR A FIRST CAUSE OF ACTION FOR INDEMNIFICATION AGAINST THIRD-PARTY DEFENDANT SHAMBAUGH & SON, LP

15.    Perk Up repeats, reiterates and realleges each and every allegation contained in

paragraphs "1" through "14" with the same force and effect as if said allegations were herein set

forth at length.

16.    That the plaintiff has alleged, among other things, that damages were sustained by

the plaintiff as a result of the alleged negligence of the defendant/third-party plaintiff, all of

which allegations are denied as per the defendant/third-party plaintiff's Answer. See Exhibits

"A" and "B".

17.    That if the plaintiff was caused to sustain damages at the time and place set forth

in plaintiff's Complaint then, and in that event, said damages will have resulted from the negligence and breach of duty by the third-party defendant Shambaugh, their agents, servants and/or employees in the performance of their work, labor and/or services at plaintiff's manufacturing and packaging plant located in South Bend, Indiana. Further, if any judgment is recovered by the plaintiff against the defendant/third-party plaintiff as a result of the negligence and/or breach of duty by the third-party defendant, then said third-party defendant will be responsible for those damages, in whole or in part, on the basis of common law and/or contractual indemnification.

18.    That by reason of the foregoing, third-party defendant Shambaugh will be liable to the defendant/third-party plaintiff for all or any part of any recovery obtained by the plaintiff, or for that proportion of the recovery caused by the relative responsibility of the third-party defendant, and that said third-party defendant is further bound to pay any and all attorney's fees and costs of investigation and disbursements incurred by defendant/third party plaintiff in the defense of this action and the prosecution of this party complaint.

## AS AND FOR A SECOND CAUSE OF ACTION FOR CONTRIBUTION AGAINST THIRD-PARTY DEFENDANT SHAMBAUGH & SON, LP

19.    Defendant/third-party plaintiff repeats each allegation contained in paragraphs "1" through "18" with the same force and defect as if said allegations were herein set forth at length.

20.    That if plaintiff sustained any of the alleged damages other than through the plaintiff's negligence, and if the defendant/third-party plaintiff is held liable for any portion of those damages, which they deny, those damages were caused in whole or in part by the negligence, acts and/or omissions of the third-party defendant, their agents, servants and/or employees within regard to the work, labor and/or services they provided at the plaintiff's manufacturing and packaging plant in South Bend, Indiana.

21.    In the event plaintiff recovers against defendant/third-party plaintiff for any of the

damages alleged in plaintiff's Complaint, the third-party defendant shall be liable by way of contribution to the defendant/third-party plaintiff on the basis of apportionment of responsibility for all or part of any judgment against defendant/third-party plaintiff in such proportion as the Court or Jury may direct.

## AS AND FOR A THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST THIRD-PARTY DEFENDANT SHAMBAUGH & SON, LP

22.     Defendant/third-party plaintiff repeats each allegation contained in paragraphs "1" through "21" with the same force and effect if said allegations were herein set forth at length.

23.     That on or prior to October 18, 2006, third-party defendant, Shambaugh, entered into an agreement and/or agreements to provide general construction and safety services at the project and/or premises known as plaintiff's manufacturing and packaging plant located in South Bend, Indiana.

24.     That pursuant to the aforementioned agreement and/or agreements, third-party defendant, Shambaugh, was responsible for the safety, management, inspection, construction and removal of equipment and for assuring the safety and performance of the workers, contractors and others assigned to do said removal at the plaintiff's manufacturing and packaging plant located in South Bend, Indiana.

25.     That the third-party defendant, Shambaugh, by their agents, servants and/or employees breached said agreement(s) by failing to perform their duties under the aforementioned agreement and/or agreements.

26.     Upon information and belief, pursuant to the agreement and/or agreements entered into by the third-party defendant, Shambaugh, said third party defendant was to undertake their work, duties and responsibilities under said agreement and/or agreements for the benefit of all persons, companies and other entities lawfully present and/or working at or about the aforementioned premises, including the defendant/third-party plaintiff herein, as third-party

beneficiaries of said agreement and/or agreements.

27.    Pursuant to the agreement and/or agreements entered into by the third-party defendant, Shambaugh, said third-party defendant was to undertake their work, duties and responsibilities under such agreement and/or agreements for the benefit of defendant/third-party plaintiff, its servants, agents and/or employees.

28.    Pursuant to the agreement and/or agreements entered into by the third-party defendant, Shambaugh, said third party defendant was to undertake their work, duties and responsibilities under such agreement and/or agreements, including but not limited to the supervision, inspection and monitoring of the contractor's working at or about the aforementioned premises, including the defendant/third-party plaintiff.

29.    Pursuant to the agreement and/or agreements entered into by the third-party defendant, Shambaugh, said third-party defendant was to undertake their work, duties and responsibilities under such agreement and/or agreements, and in so doing, integrate and provide for safety in all the methods and procedures of the contractors, persons, companies and other entities lawfully present and/or working at or about the aforementioned premises, including enforcing any safety policies and procedures of the plaintiff.

30.    Pursuant to the agreement and/or agreements entered into by the third-party defendant, Shambaugh, said third-party defendant was to undertake their work, duties and responsibilities under such agreement and/or agreement for the benefit of all persons, companies and other entities lawfully present and/or working at or about the aforementioned premises, and was to monitor, supervise and take and/or direct others to take corrective action if necessary with regard to all safety programs and policies at the aforementioned premises.

31.    Defendant/third-party plaintiff did rely on the presence, work, undertaking and contractual obligations of the third-party defendant, Shambaugh, and in the event it is determined that said defendant/third-party plaintiff has any degree of culpability to the plaintiff or others,

said culpability will have come about as a result of the reliance of the presence, work, undertaking and contractual obligations of the third-party defendant.

32.    As a result of the breach of contract of the third-party defendant, Shambaugh, the defendant/third-party plaintiff did detrimentally rely upon the presence, work, undertaking and contractual obligations of the third-party defendant, and as a result, said defendant/third-party plaintiff has been or will be damaged to the extent that it has or may be required to pay money damages or other sums to the plaintiff.

33.    To the extent that said defendant/third-party plaintiff has been and/or will be damaged by being subject to a settlement and/or judgment under which it must pay, or with certainty would pay in the future, money damages or other sums to plaintiff, said payments, settlements and/or judgments will have come about as a result of the third-party defendant's breach of contract, and judgment shall be entered over and against said third-party defendant for such amounts due and/or paid by the defendant/third-party plaintiff.

WHEREFORE, defendant/third-party plaintiff demands judgment over and against the third-party defendant for the amount of any verdict or judgment which shall or may be recovered by the plaintiff against the defendant/third-party plaintiff, or in the alternative, that they have contribution from the third-party defendant, Shambaugh, with respect to any recovery by the plaintiff against the defendant/third-party plaintiff, together with the costs and disbursements of this action as well as any other relief that this honorable court may deem just and proper.

Dated:  Melville, New York
        November 21, 2007

Jason T. Katz (4674)
LEWIS JOHS AVALLONE AVILES, LLP
Attorneys for Defendant
425 Broad Hollow Road
Melville, New York 11747
(631) 755-0101
Fax: (631) 755-0117
LJAA File No.: 114-1076
jtkatz@lewisjohs.com

John Vukelj, Esq.
DLA PIPER US LLP
1251 Avenue of t he Americas
New York, NY 10020-1104
john.vukelj@dlapiper.com

David H. Berger
Syma Mirza
DLA Piper USA
1200 19th Street, N.W.
Washington, DC 20036
Attorney for Plaintiff
McCormick & Company

Shambaugh & Son, LP
7614 Opportunity Drive
Fort Wayne, Indiana 46825

Exhibit A

*JUDGE ROBINSON*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV 7244**

| | |
|---|---|
| McCORMICK & CO., INC., | ) |
| Plaintiff, | ) Case No. |
| v. | ) |
| KARI-OUT CLUB, LLC | ) COMPLAINT |
| t/a KARI-OUT CO., | ) |
| Defendant. | ) |

RECEIVED
AUG 14 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff McCormick & Company, Incorporated ("McCormick"), by and through

its attorneys DLA Piper US LLP, hereby brings suit against Defendant Kari-Out Club,

LLC t/a Kari-Out Company ("Kari-Out") and alleges as follows:

### NATURE OF THE CASE

1.       This is an action for negligence to recover damages resulting from a fire

caused by Kari-Out employees at McCormick's manufacturing plant in South Bend,

Indiana.  In blatant disregard of agreed-upon fire safety warnings and instructions, Kari-

Out employees improperly used a plasma torch when attempting to cut out certain

equipment Kari-Out had purchased from McCormick and ignited a fire that caused

extensive damage throughout the plant.  As a result of the fire and Kari-Out's negligence,

McCormick has suffered significant losses in excess of $1.1 million.

### JURISDICTION AND VENUE

2.       This Court has original jurisdiction over this action pursuant to 28 U.S.C.

§ 1332(a)(1) based on McCormick's citizenship in the State of Maryland and Kari-Out's

citizenship in a state other than Maryland, and the fact that the matter in controversy is in

excess of $75,000, exclusive of interest and costs. This Court has personal jurisdiction over Kari-Out, because Kari-Out has its principal place of business in this District and is thereby a citizen of this District. Kari-Out also transacts and solicits business in this District regularly and purposefully and has had systematic and continuous contacts with this District.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(3) because Kari-Out has its principal place of business in this District.

## PARTIES

4.     McCormick is a leading global supplier of value-added flavor solutions, headquartered at 18 Loveton Circle, Sparks, Maryland 21152. McCormick manufactures, markets, and distributes herbs, spices, seasonings, flavors, and other food products to retail outlets, food service providers, and food processors. McCormick is a corporation organized under the laws of the State of Maryland.

5.     Upon information and belief, the legal name of Kari-Out Company appears to be Kari-Out Club, LLC. Upon information and belief, Kari-Out is a corporation organized under the laws of the State of New York and has its principal place of business at 399 Knollwood Road, Suite 309, White Plains, New York 10603. Upon information and belief, Kari-Out is a manufacturer and marketer of food condiments.

6.     McCormick sells its products in interstate commerce. Upon information and belief, Kari-Out sells its products in interstate commerce.

## FACTUAL BACKGROUND

7.     In Fall 2006, Kari-Out agreed to purchase certain production equipment owned by McCormick located in a manufacturing and packaging plant in South Bend,

-2-

Indiana. The equipment was affixed to a raised steel platform inside the plant, requiring it to be cut out before it could be transported from McCormick to Kari-Out.

8.    On the morning of October 18, 2006, Kari-Out sent several of its employees to McCormick's plant to remove the equipment. The equipment could have been cut out in a variety of ways, and McCormick's on-site general contractor, Shambaugh & Son, LP ("Shambaugh"), previously had contacted Kari-Out to request that Kari-Out utilize a saw for this purpose. Despite this request, Kari-Out's employees chose to bring a plasma torch to remove the equipment. Kari-Out was not a subcontractor of Shambaugh.

9.    Before allowing Kari-Out to begin the removal, Johnny Davis, a Shambaugh employee, convened a meeting in his office with Kari-Out's employees, At this meeting, Mr. Davis reviewed the safety, hot work, and fire policies followed by McCormick and Shambaugh at the plant. During the meeting, Mr. Davis notified Kari-Out that a fire watch was required for all hot work performed with the plasma torch and that a fire extinguisher must be on hand.

10.    Mr. Davis also advised Kari-Out that a plasma torch could be used to cut the steel platform into sections, but only after the platform had been removed from the ceiling structure and placed on the floor of the plant. Mr. Davis directed that a plasma torch could be used for no other purpose. Kari-Out agreed to follow all safety policies.

11.    Despite Kari-Out's agreement to follow these safety policies, at least one Kari-Out employee ignored these instructions and utilized the plasma torch for additional work, which included cutting through a stainless steel conduit that contained plastic tubing located near the center of the platform. This act ignited the plastic tubing and

- 3 -

caused a fire in the pipe.

12.    Also contrary to the agreed to safety procedures, Kari-Out did not have a fire extinguisher on hand. Therefore, after realizing that their unauthorized use of the plasma torch had caused a fire, a Kari-Out employee had to ask for a fire extinguisher from an individual at the plant. After retrieving the plant's fire extinguisher, a Kari-Out employee discharged the extinguisher in an attempt to put out the fire.

13.    Kari-Out's employees then carelessly concluded that the fire had been extinguished and departed for lunch shortly thereafter. Kari-Out did not inform anyone from McCormick or Shambaugh about the fire.

14.    At the time Kari-Out's employees departed for lunch, the fire, in fact, had not been extinguished and had traveled up through the steel conduit to the ceiling of the plant. The plant engineer, a McCormick employee, observed flames and smoke, and ordered evacuation of the area. The plant engineer also activated the fire alarm and called the South Bend Fire Department, who eventually extinguished the fire.

15.    As a result of the fire, McCormick suffered serious property damage from the fire throughout its plant. In addition, the fire caused the closure of the entire facility and suspension of all operations, causing the loss of all production for one week.

16.    The fire had a significant financial impact on McCormick. In total, McCormick has suffered well over $1 million in losses resulting from extensive damage to the plant and its equipment, repair costs, and lost production caused by the fire.

17.    On October 24, 2006, McCormick sent a letter to Kari-Out advising that McCormick "will look to Kari-Out to promptly reimburse McCormick for all of its losses in damages" arising from the fire. McCormick also stated that one of its first priorities

was to get the plant back in operation and that it would contact Kari-Out after calculating the losses in damages suffered by McCormick.

18.    On December 20, 2006, McCormick sent Kari-Out a letter, summary, and files documenting McCormick's total losses to date. McCormick requested that Kari-Out promptly consider its claim package and reimburse its losses without delay.

19.    To date, Kari-Out has failed to compensate McCormick for any amount of its losses caused by the fire.

### COUNT I

### Common-Law Negligence

20.    McCormick repeats and realleges the allegations of paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21.    Kari-Out had a duty of care towards McCormick.

22.    Kari-Out breached its duty of care by failing to follow proper safety procedures and policies while removing certain equipment at McCormick's plant, among other things by using a plasma torch for improper purposes and by failing to have a fire extinguisher on hand, all in violation of McCormick's instructions and proper safety procedures.

23.    As a direct and proximate result of Kari-Out's breach, McCormick has suffered damages in an amount to be determined at trial, but in no event less than $1,100,000.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff McCormick demands judgment against Defendant Kari-Out as follows:

A.      An award of compensatory damages suffered to date in an amount in excess of $1,100,000 to be determined at trial;

B.      An award of pre-judgment interest and costs; and

C.      Such other and further relief as the Court deems just, reasonable, and appropriate in the circumstances.

Dated: August 14, 2007
      New York, New York

 

*Stephanie K. Vogel*

Stephanie K. Vogel (SV 8591)
DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY 10020-1104
Tel:    (212) 335-4795
Fax:   (212) 884-8695
stephanie.vogel@dlapiper.com

David H. Bamberger (*pro hac vice* motion pending)
Syma Mirza (Not Admitted in SDNY)
DLA PIPER US LLP
1200 19th Street, N.W.
Washington, D.C. 20036
Tel:    (202) 861-3995
Fax:   (202) 689-7425
david.bamberger@dlapiper.com
syma.mirza@dlapiper.com

Attorneys for Plaintiff
McCormick & Company, Incorporated

- 6 -

Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

McCORMICK & CO., INC.,

                      Plaintiff,

       -against-

KARI-OUT CLUB, LLC,

                  Defendant.

------------------------------------------------------------------X

07-CV-7244 (SCR)

**ANSWER**

**Jury Trial Demanded**

The defendant, PERK UP, INC., s/h/a "KARI-OUT CLUB, LLC, t/a KARI-OUT CLUB, CO.", (hereinafter PERK UP), by its attorneys, LEWIS JOHS AVALLONE AVILES, LLP, answering the complaint of the plaintiff herein, upon information and belief, alleges as follows:

## NATURE OF THE CASE

FIRST:  Defendant denies, in the form alleged therein, each and every allegation contained in paragraph number "1" of the plaintiff's complaint.

## JURISDICTION AND VENUE

SECOND:   Defendant admits that this Court has original jurisdiction over this action pursuant to 28 U.S.C §1332(a)(1), and further admits that this Court has personal jurisdiction over the defendant on the basis that defendant has its principal place of business in this District. Defendant denies knowledge or information sufficient to form a belief with respect to the remainder of the allegations contained in paragraph number "2" of plaintiff's complaint.

THIRD:   Defendant admits the allegations contained in paragraph number "3" of the plaintiff's complaint.

## PARTIES

FOURTH:  Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "4" of the plaintiff's complaint.

FIFTH:    Defendant denies the allegations contained in paragraph number "5" of the plaintiff's complaint except admits that Perk-Up, Inc., is a corporation organized under the laws of the State of New York and has its principal place of business at 399 Knollwood Road, White Plains, New York, and that Perk-Up, Inc. does business as Kari-Out Co.

SIXTH:    Defendant denies having any knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "6" of the plaintiff's complaint, except admits that Perk-Up, Inc. d/b/a Kari-Out Co. sells its products in interstate commerce.

## FACTUAL BACKGROUND

SEVENTH:    Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "7" of the plaintiff's complaint, except admits that Perk-Up, Inc. d/b/a Kari-Out Co. agreed to purchase certain equipment from plaintiff, and that said equipment was situated at the plaintiff's facility located in South Bend, Indiana.

EIGHTH:    Defendant denies, in the form alleged therein, the allegations contained in paragraph number "8" of the plaintiff's complaint, except admits that Perk Up Inc., d/b/a Kari-Out Club Co. was not a subcontractor of Shambaugh & Son, LP.

NINTH:    Defendant denies, in the form alleged therein, the allegations contained in paragraph number "9" of the plaintiff's complaint, except admits that a Shambaugh & Son, LP employee did speak with employees of Perk-Up, Inc. d/b/a Kari-Out Co.

TENTH:    Defendant denies, in the form alleged therein, the allegations contained in paragraph number "10" of the plaintiff's complaint.

ELEVENTH:    Defendant denies the allegations contained in paragraph number "11" of the plaintiff's complaint.

TWELFTH:   Defendant denies the allegations contained in paragraph number "12" of the plaintiff's complaint, except admits that a Perk-Up, Inc. d/b/a Kari-Out Co. employee discharged a fire extinguisher in an attempt to extinguish the fire.

THIRTEENTH:  Defendant denies each and every allegation contained in paragraph number "13" of the plaintiff's complaint.

FOURTEENTH:   Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "14" of the plaintiff's complaint.

FIFTEENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "15" of the plaintiff's complaint.

SIXTEENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "16" of the plaintiff's complaint.

SEVENTEENTH: Defendant admits the allegations contained in paragraph number "17" of the plaintiff's complaint.

EIGHTEENTH:   Defendant admits the allegations contained in paragraph number "18" of the plaintiff's complaint.

NINETEENTH:   Defendant denies, in the form alleged therein, each and every allegation contained in paragraph number "19" of the plaintiff's complaint.

## COUNT I

## COMMON LAW NEGLIGENCE

TWENTIETH:  Answering paragraph number "20" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial heretofore made in regard to each and every paragraph of plaintiff's complaint, designated as paragraphs "1" through "19", inclusive, with the same force and effect as though more fully set forth at length herein.

TWENTY-FIRST: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "21" of the plaintiff's complaint, and otherwise refers all questions of law to this Honorable Court.

TWENTY-SECOND: Defendant denies the allegations contained in paragraph number "22" of the plaintiff's complaint.

TWENTY-THIRD: Defendant denies the allegations contained in paragraph number "22" of the plaintiff's complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE AGAINST THE PLAINTIFF, THE DEFENDANT, UPON INFORMATION AND BELIEF, ALLEGES:

TWENTY-FOURTH: If the plaintiff had been damaged as alleged in plaintiff's complaint, upon information and belief, such damages were caused, in whole or in part, or were contributed to by reason of the carelessness, negligence or want of care on the part of the plaintiff and not by any carelessness, negligence or want of care, on the part of the defendant, and if any carelessness, negligence or want of care other than that of the plaintiff caused or contributed to said alleged damages, it was the carelessness, negligence or want of care on the part of some other party or persons, contractor, sub-contractor, firm or corporation, his, its or their agents, servants or employees over whom the answering defendant had no control, and for whose carelessness, negligence or want of care defendant is not and was not responsible or liable.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE AGAINST THE PLAINTIFF, THE DEFENDANT, UPON INFORMATION AND BELIEF, ALLEGES:

TWENTY-FIFTH: Whatever damages were sustained by the plaintiff at the time and place alleged in the complaint were in whole or in part the result of the plaintiff's own culpable conduct or of the conduct of plaintiff's contractors and/or sub-contractors.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**
**AGAINST THE PLAINTIFF, THE DEFENDANT,**
**UPON INFORMATION AND BELIEF, ALLEGES:**

TWENTY-SIXTH:    If the answering defendant is found to be liable, the liability of such defendant to the plaintiff for economic loss shall not exceed the defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**
**AGAINST THE PLAINTIFF, THE DEFENDANT,**
**UPON INFORMATION AND BELIEF, ALLEGES:**

TWENTY-SEVENTH:    Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by the plaintiff for economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source. If any damages are recoverable against the answering defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiff has received or shall receive from such collateral source.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**
**AGAINST THE PLAINTIFF, THE DEFENDANT,**
**UPON INFORMATION AND BELIEF, ALLEGES:**

TWENTY-EIGHTH: Plaintiff has failed to name all proper parties, including, but not necessarily limited to Shambaugh & Son, LP.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**
**AGAINST THE PLAINTIFF, THE DEFENDANT,**
**UPON INFORMATION AND BELIEF, ALLEGES:**

TWENTY-NINTH: Plaintiff has failed to mitigate their damages.

WHEREFORE, defendant demands judgment dismissing the plaintiff's complaint herein, together with the costs and disbursements of this action.

Dated:  Melville, New York
       October 1, 2007

Yours, etc.,

LEWIS JOHS AVALLONE AVILES, LLP
Attorneys for Defendant
425 Broad Hollow Road, Suite 400
Melville, NY 11747
631.755.0101

By: _____
       Jason T. Katz (4674)
       jtkatz@lewisjohs.com

TO:

DLA PIPER US LLP
1251 Avenue of t he Americas
New York, NY 10020-1104

David H. Berger (pro hac vice motion pending)
Syma Mirza (not admitted in SDNY)
DLA Piper USA
1200 19th Street, N.W.
Washington, DC 20036
Attorney for Plaintiff
McCormick & Company

STATE OF NEW YORK)
                 ) S.S.:
COUNTY OF SUFFOLK)

         JESSICA COLANGELO, being duly sworn, deposes and says:

         That deponent is not a party to the within action, is over 18 years of age and resides in Oceanside, New York.

         That on the 1st day of October, 2007, deponent served the within ANSWER on the attorneys below set forth representing the parties, as indicated, at the addresses shown, said addresses being designated by said attorneys for that purpose:

DLA PIPER US LLP
1251 Avenue of t he Americas
New York, NY 10020-1104

David H. Berger (pro hac vice motion pending)
Syma Mirza (not admitted in SDNY)
DLA Piper USA
1200 19th Street, N.W.
Washington, DC 20036
Attorney for Plaintiff
McCormick & Company

by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York

                              *Jessica Colangelo*
                              JESSICA COLANGELO

Sworn to before me this
1st day of October, 2007.

*Linda Lansky*
    LINDA LANSKY
Notary Public, State of New York
  Registration No. 01LA5078604
   Qualified in Nassau County
Commission Expires: 05/27/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

McCORMICK & CO., INC.,,

Plaintiff,

- against -

KARI-OUT CLUB, LLC,

Defendants

## *THIRD PARTY SUMMONS IN A CIVIL ACTION AND COMPLAINT*

# LEWIS ⧄ JOHS
### Lewis Johs Avallone Aviles, LLP

Counsellors at Law

*Attorneys for*

*Office and Post Office Address*
425 Broad Hollow Road, Suite 400 • Melville, NY 11747
631.755.0101 • Fax 631.755.0117
FILE #:_____

**CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. § 130-1.1a**

The undersigned hereby certifies that, pursuant to 22 N.Y.C.R.R. § 130-1.1a, the contentions contained in the annexed document(s) is not frivolous nor frivolously presented

.............................................................

Service of a copy of the within                                                                 is hereby admitted.

Dated,

Attorney(s) for                                      .............................................................

Sir: Please take notice
☐ NOTICE OF ENTRY
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on                                      20
☐ NOTICE OF SETTLEMENT
that an order                                      of which the within is a true copy will be presented for
settlement to the HON.                                      one of the judges
of the within named court, at
on                          20          at                M.

Dated,

*Yours, etc.*
# LEWIS ⧄ JOHS
### Lewis Johs Avallone Aviles, LLP
Counsellors at Law

To

Attorney(s) for                                      *Attorneys for*

*Office and Post Office Address*