AO 441 (Rev. 5/85) Third Party Summons in a Civil Action - SDNY WEB 5/99

# United States District Court

__Southern__ DISTRICT OF __New York__

PLAINTIFF

Mc Cormick & Co, Inc.,

V. DEFENDANT AND THIRD PARTY PLAINTIFF

Karl-Out Club, LLC, t/a
Karl-Out Co.,

**THIRD PARTY SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 07-CV-244 (SCR)

V. THIRD PARTY DEFENDANT

Shambaugh & son, LP
To: (Name and Address of Third Party Defendant)
Shambaugh & Son, LP
7614 Opportunity Drive
Fort Wayne, Indiana 46825

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this court upon

| PLAINTIFF'S ATTORNEY (name and address) | DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY (name and address) |
|---|---|
| DLA Piper US LLP<br>1251 Avenue of the Americas<br>New York, New York 10020-1104 | Lewis Johs Avallone Aviles, LLP<br>425 Broad Hollow Road<br>Suite 400<br>Melville, New York 11747 |

an answer to the third-party complaint which is herewith served upon you within ___30___ days after the service of this summons upon you exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the third-party complaint. There is also served upon you herewith a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, unless (1) this is a case within Rule 9(h) Federal Rules of Civil Procedure, and (2) the third-party plaintiff is demanding judgment against *you* in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party plaintiff.

_J. M. McMahon_
CLERK

(BY) DEPUTY CLERK

NOV 2 6 2007
DATE

American LegalNet, Inc.
www.FormsWorkflow.com

AO 441 (Rev. 5/85) Third Party Summons in a Civil Action -SDNY WEB 5/99

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me (1) | DATE |
| NAME OF SERVER | TIME |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant. Place where served: _____

☐ Left copies thereof at the third-party defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
         Date                    Signature of Server

                                 Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

American LegalNet Inc
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
McCORMICK & CO., INC.,

                Plaintiff,

-against-

KARI-OUT CLUB, LLC,
t/a KARI-OUT CO.,

                Defendant.
-------------------------------------------------------------X
PERK UP, INC., s/h/a KARI-OUT CLUB, LLC,
t/a KARI-OUT CO.,

                Third Party Plaintiff,

-against-

SHAMBAUGH & SON, LP,

                Third Party Defendant.
-------------------------------------------------------------X

Case No.: 07-CIV-7244 (SCR)

THIRD PARTY COMPLAINT

RECEIVED
NOV 28 2007
USDC-WP-SDNY

TRIAL BY JURY DEMANDED

Defendant/third-party plaintiff, PERK UP, INC., s/h/a "KARI-OUT CLUB, LLC, t/a KARI-OUT CO.", (hereinafter "PERK UP"), by its attorneys, LEWIS JOHS AVALLONE AVILES, LLP, hereby brings suit against the third-party defendant SHAMBAUGH & SON, LP, (hereinafter "SHAMBAUGH") and respectfully alleges, upon information and belief, as follows:

### THE PARTIES

1. That at all times hereinafter mentioned, defendant/third-party plaintiff, Perk Up, is a corporation organized under the laws of the State of New York and has its principal place of business in White Plains, Westchester County, New York, and does business as Kari-Out Company.

2. That at all times hereinafter mentioned, plaintiff, McCormick & Company, Inc., (hereinafter "McCormick") is a corporation organized under the laws of the State of Maryland.

3. On or about August 14, 2007, McCormick filed a complaint against Perk Up, and a copy of same is annexed hereto as Exhibit "A". The answer served by Perk Up is annexed

hereto as Exhibit "B".

4. That at all times hereinafter mentioned, upon information and belief, third-party defendant Shambaugh is a corporation organized under the laws of the State of Indiana, with its principal place of business at 7614 Opportunity Drive, Fort Wayne, Indiana, 46825. Upon information and belief, Shambaugh is a construction and/or engineering firm.

5. Upon information and belief, McCormick sells its products in interstate commerce.

6. Upon information and belief, Shambaugh engages in activities and performs services which effect interstate commerce.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction of this action pursuant to 28 USC § 1332(a)(1) based on McCormick's citizenship in the State of Maryland and Perk Up's citizenship in a state other than Maryland, and the fact that the matter in controversy allegedly exceeds $75,000. This Court has personal jurisdiction over Perk-Up in that Perk-Up's principal place of business is in this district.

8. Upon information and belief, Shambaugh transacts and solicits business in this district regularly and purposefully such that it has had continuous contact with this district.

9. Venue is proper in this district pursuant to 28 USC § 1391(a)(3), as Perk-Up has its principal place of business in this district.

## BACKGROUND

10. Per plaintiff's complaint, Perk-Up agreed to purchase certain equipment owned by McCormick and located in its manufacturing and packaging facility located in South Bend, Indiana. Per plaintiff's complaint, this equipment was affixed to a steel platform, and had to be "cut out" in order to be removed. See Exhibit "A" at ¶ "7".

11. It is alleged that Perk Up, in contravention of instructions issued by Shambaugh,

utilized a plasma torch to remove this equipment. It is further alleged that a Shambaugh employee gave instructions to Perk Up's employees with respect to utilization of this plasma torch, as well as instructions with respect to plaintiff's fire and safety practices, procedures and policies. See Exhibit "A" at ¶ 9.

12. That at all times hereinafter mentioned, and upon information and belief, prior to October 18, 2006, McCormick and Shambaugh entered into an agreement and/or agreements to provide, inter alia general contracting and construction safety services at the project and/or premises known as McCormick's manufacturing and packaging plant located in South Bend, Indiana.

13. Upon information and belief, prior to October 18, 2006, Shambaugh was responsible for implementing the safety, "hot work," fire policies and safety procedures propounded by plaintiff at plaintiff's manufacturing and packaging plant located in South Bend, Indiana.

14. Plaintiff's Complaint alleges, among other things, that damages were sustained by the plaintiff as a result of the alleged negligence of the defendant.

### AS AND FOR A FIRST CAUSE OF ACTION FOR INDEMNIFICATION AGAINST THIRD-PARTY DEFENDANT SHAMBAUGH & SON, LP

15. Perk Up repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "14" with the same force and effect as if said allegations were herein set forth at length.

16. That the plaintiff has alleged, among other things, that damages were sustained by the plaintiff as a result of the alleged negligence of the defendant/third-party plaintiff, all of which allegations are denied as per the defendant/third-party plaintiff's Answer. See Exhibits "A" and "B".

17. That if the plaintiff was caused to sustain damages at the time and place set forth

in plaintiff's Complaint then, and in that event, said damages will have resulted from the negligence and breach of duty by the third-party defendant Shambaugh, their agents, servants and/or employees in the performance of their work, labor and/or services at plaintiff's manufacturing and packaging plant located in South Bend, Indiana. Further, if any judgment is recovered by the plaintiff against the defendant/third-party plaintiff as a result of the negligence and/or breach of duty by the third-party defendant, then said third-party defendant will be responsible for those damages, in whole or in part, on the basis of common law and/or contractual indemnification.

18. That by reason of the foregoing, third-party defendant Shambaugh will be liable to the defendant/third-party plaintiff for all or any part of any recovery obtained by the plaintiff, or for that proportion of the recovery caused by the relative responsibility of the third-party defendant, and that said third-party defendant is further bound to pay any and all attorney's fees and costs of investigation and disbursements incurred by defendant/third party plaintiff in the defense of this action and the prosecution of this party complaint.

### AS AND FOR A SECOND CAUSE OF ACTION FOR CONTRIBUTION AGAINST THIRD-PARTY DEFENDANT SHAMBAUGH & SON, LP

19. Defendant/third-party plaintiff repeats each allegation contained in paragraphs "1" through "18" with the same force and defect as if said allegations were herein set forth at length.

20. That if plaintiff sustained any of the alleged damages other than through the plaintiff's negligence, and if the defendant/third-party plaintiff is held liable for any portion of those damages, which they deny, those damages were caused in whole or in part by the negligence, acts and/or omissions of the third-party defendant, their agents, servants and/or employees within regard to the work, labor and/or services they provided at the plaintiff's manufacturing and packaging plant in South Bend, Indiana.

21. In the event plaintiff recovers against defendant/third-party plaintiff for any of the

damages alleged in plaintiff's Complaint, the third-party defendant shall be liable by way of contribution to the defendant/third-party plaintiff on the basis of apportionment of responsibility for all or part of any judgment against defendant/third-party plaintiff in such proportion as the Court or Jury may direct.

## AS AND FOR A THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST THIRD-PARTY DEFENDANT SHAMBAUGH & SON, LP

22. Defendant/third-party plaintiff repeats each allegation contained in paragraphs "1" through "21" with the same force and effect if said allegations were herein set forth at length.

23. That on or prior to October 18, 2006, third-party defendant, Shambaugh, entered into an agreement and/or agreements to provide general construction and safety services at the project and/or premises known as plaintiff's manufacturing and packaging plant located in South Bend, Indiana.

24. That pursuant to the aforementioned agreement and/or agreements, third-party defendant, Shambaugh, was responsible for the safety, management, inspection, construction and removal of equipment and for assuring the safety and performance of the workers, contractors and others assigned to do said removal at the plaintiff's manufacturing and packaging plant located in South Bend, Indiana.

25. That the third-party defendant, Shambaugh, by their agents, servants and/or employees breached said agreement(s) by failing to perform their duties under the aforementioned agreement and/or agreements.

26. Upon information and belief, pursuant to the agreement and/or agreements entered into by the third-party defendant, Shambaugh, said third party defendant was to undertake their work, duties and responsibilities under said agreement and/or agreements for the benefit of all persons, companies and other entities lawfully present and/or working at or about the aforementioned premises, including the defendant/third-party plaintiff herein, as third-party

beneficiaries of said agreement and/or agreements.

27. Pursuant to the agreement and/or agreements entered into by the third-party defendant, Shambaugh, said third-party defendant was to undertake their work, duties and responsibilities under such agreement and/or agreements for the benefit of defendant/third-party plaintiff, its servants, agents and/or employees.

28. Pursuant to the agreement and/or agreements entered into by the third-party defendant, Shambaugh, said third party defendant was to undertake their work, duties and responsibilities under such agreement and/or agreements, including but not limited to the supervision, inspection and monitoring of the contractor's working at or about the aforementioned premises, including the defendant/third-party plaintiff.

29. Pursuant to the agreement and/or agreements entered into by the third-party defendant, Shambaugh, said third-party defendant was to undertake their work, duties and responsibilities under such agreement and/or agreements, and in so doing, integrate and provide for safety in all the methods and procedures of the contractors, persons, companies and other entities lawfully present and/or working at or about the aforementioned premises, including enforcing any safety policies and procedures of the plaintiff.

30. Pursuant to the agreement and/or agreements entered into by the third-party defendant, Shambaugh, said third-party defendant was to undertake their work, duties and responsibilities under such agreement and/or agreement for the benefit of all persons, companies and other entities lawfully present and/or working at or about the aforementioned premises, and was to monitor, supervise and take and/or direct others to take corrective action if necessary with regard to all safety programs and policies at the aforementioned premises.

31. Defendant/third-party plaintiff did rely on the presence, work, undertaking and contractual obligations of the third-party defendant, Shambaugh, and in the event it is determined that said defendant/third-party plaintiff has any degree of culpability to the plaintiff or others,

said culpability will have come about as a result of the reliance of the presence, work, undertaking and contractual obligations of the third-party defendant.

32. As a result of the breach of contract of the third-party defendant, Shambaugh, the defendant/third-party plaintiff did detrimentally rely upon the presence, work, undertaking and contractual obligations of the third-party defendant, and as a result, said defendant/third-party plaintiff has been or will be damaged to the extent that it has or may be required to pay money damages or other sums to the plaintiff.

33. To the extent that said defendant/third-party plaintiff has been and/or will be damaged by being subject to a settlement and/or judgment under which it must pay, or with certainty would pay in the future, money damages or other sums to plaintiff, said payments, settlements and/or judgments will have come about as a result of the third-party defendant's breach of contract, and judgment shall be entered over and against said third-party defendant for such amounts due and/or paid by the defendant/third-party plaintiff.

WHEREFORE, defendant/third-party plaintiff demands judgment over and against the third-party defendant for the amount of any verdict or judgment which shall or may be recovered by the plaintiff against the defendant/third-party plaintiff, or in the alternative, that they have contribution from the third-party defendant, Shambaugh, with respect to any recovery by the plaintiff against the defendant/third-party plaintiff, together with the costs and disbursements of this action as well as any other relief that this honorable court may deem just and proper.

Dated: Melville, New York
November 21, 2007

_____
Jason T. Katz (4674)
LEWIS JOHS AVALLONE AVILES, LLP
Attorneys for Defendant
425 Broad Hollow Road
Melville, New York 11747
(631) 755-0101
Fax: (631) 755-0117
LJAA File No.: 114-1076
jtkatz@lewisjohs.com

John Vukelj, Esq.
DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY 10020-1104
john.vukelj@dlapiper.com

David H. Berger
Syma Mirza
DLA Piper USA
1200 19th Street, N.W.
Washington, DC 20036
Attorney for Plaintiff
McCormick & Company

Shambaugh & Son, LP
7614 Opportunity Drive
Fort Wayne, Indiana 46825