UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
McCORMICK & CO., INC.,                                   07-CV-7244 (SCR)

                      Plaintiff,
    -against-                                                    **ANSWER**

KARI-OUT CLUB, LLC,                                      **Jury Trial Demanded**
                     Defendant.
------------------------------------------------------------------X

      The defendant, PERK UP, INC., s/h/a "KARI-OUT CLUB, LLC, t/a KARI-OUT CLUB, CO.", (hereinafter PERK UP), by its attorneys, LEWIS JOHS AVALLONE AVILES, LLP, answering the complaint of the plaintiff herein, upon information and belief, alleges as follows:

### NATURE OF THE CASE

      FIRST: Defendant denies, in the form alleged therein, each and every allegation contained in paragraph number "1" of the plaintiff's complaint.

### JURISDICTION AND VENUE

      SECOND: Defendant admits that this Court has original jurisdiction over this action pursuant to 28 U.S.C §1332(a)(1), and further admits that this Court has personal jurisdiction over the defendant on the basis that defendant has its principal place of business in this District. Defendant denies knowledge or information sufficient to form a belief with respect to the remainder of the allegations contained in paragraph number "2" of plaintiff's complaint.

      THIRD: Defendant admits the allegations contained in paragraph number "3" of the plaintiff's complaint.

### PARTIES

      FOURTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "4" of the plaintiff's complaint.

FIFTH: Defendant denies the allegations contained in paragraph number "5" of the plaintiff's complaint except admits that Perk-Up, Inc., is a corporation organized under the laws of the State of New York and has its principal place of business at 399 Knollwood Road, White Plains, New York, and that Perk-Up, Inc. does business as Kari-Out Co.

SIXTH: Defendant denies having any knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "6" of the plaintiff's complaint, except admits that Perk-Up, Inc. d/b/a Kari-Out Co. sells its products in interstate commerce.

## FACTUAL BACKGROUND

SEVENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "7" of the plaintiff's complaint, except admits that Perk-Up, Inc. d/b/a Kari-Out Co. agreed to purchase certain equipment from plaintiff, and that said equipment was situated at the plaintiff's facility located in South Bend, Indiana.

EIGHTH: Defendant denies, in the form alleged therein, the allegations contained in paragraph number "8" of the plaintiff's complaint, except admits that Perk Up Inc., d/b/a Kari-Out Club Co. was not a subcontractor of Shambaugh & Son, LP.

NINTH: Defendant denies, in the form alleged therein, the allegations contained in paragraph number "9" of the plaintiff's complaint, except admits that a Shambaugh & Son, LP employee did speak with employees of Perk-Up, Inc. d/b/a Kari-Out Co.

TENTH: Defendant denies, in the form alleged therein, the allegations contained in paragraph number "10" of the plaintiff's complaint.

ELEVENTH: Defendant denies the allegations contained in paragraph number "11" of the plaintiff's complaint.

TWELFTH:   Defendant denies the allegations contained in paragraph number "12" of the plaintiff's complaint, except admits that a Perk-Up, Inc. d/b/a Kari-Out Co. employee discharged a fire extinguisher in an attempt to extinguish the fire.

THIRTEENTH:  Defendant denies each and every allegation contained in paragraph number "13" of the plaintiff's complaint.

FOURTEENTH:   Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "14" of the plaintiff's complaint.

FIFTEENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "15" of the plaintiff's complaint.

SIXTEENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "16" of the plaintiff's complaint.

SEVENTEENTH: Defendant admits the allegations contained in paragraph number "17" of the plaintiff's complaint.

EIGHTEENTH:   Defendant admits the allegations contained in paragraph number "18" of the plaintiff's complaint.

NINETEENTH:   Defendant denies, in the form alleged therein, each and every allegation contained in paragraph number "19" of the plaintiff's complaint.

## COUNT I

## COMMON LAW NEGLIGENCE

TWENTIETH:  Answering paragraph number "20" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial heretofore made in regard to each and every paragraph of plaintiff's complaint, designated as paragraphs "1" through "19", inclusive, with the same force and effect as though more fully set forth at length herein.

TWENTY-FIRST: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph number "21" of the plaintiff's complaint, and otherwise refers all questions of law to this Honorable Court.

TWENTY-SECOND: Defendant denies the allegations contained in paragraph number "22" of the plaintiff's complaint.

TWENTY-THIRD: Defendant denies the allegations contained in paragraph number "22" of the plaintiff's complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE AGAINST THE PLAINTIFF, THE DEFENDANT, UPON INFORMATION AND BELIEF, ALLEGES:

TWENTY-FOURTH: If the plaintiff had been damaged as alleged in plaintiff's complaint, upon information and belief, such damages were caused, in whole or in part, or were contributed to by reason of the carelessness, negligence or want of care on the part of the plaintiff and not by any carelessness, negligence or want of care, on the part of the defendant, and if any carelessness, negligence or want of care other than that of the plaintiff caused or contributed to said alleged damages, it was the carelessness, negligence or want of care on the part of some other party or persons, contractor, sub-contractor, firm or corporation, his, its or their agents, servants or employees over whom the answering defendant had no control, and for whose carelessness, negligence or want of care defendant is not and was not responsible or liable.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE AGAINST THE PLAINTIFF, THE DEFENDANT, UPON INFORMATION AND BELIEF, ALLEGES:

TWENTY-FIFTH: Whatever damages were sustained by the plaintiff at the time and place alleged in the complaint were in whole or in part the result of the plaintiff's own culpable conduct or of the conduct of plaintiff's contractors and/or sub-contractors.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE AGAINST THE PLAINTIFF, THE DEFENDANT, UPON INFORMATION AND BELIEF, ALLEGES:

TWENTY-SIXTH:   If the answering defendant is found to be liable, the liability of such defendant to the plaintiff for economic loss shall not exceed the defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE AGAINST THE PLAINTIFF, THE DEFENDANT, UPON INFORMATION AND BELIEF, ALLEGES:

TWENTY-SEVENTH:   Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by the plaintiff for economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source. If any damages are recoverable against the answering defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiff has received or shall receive from such collateral source.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE AGAINST THE PLAINTIFF, THE DEFENDANT, UPON INFORMATION AND BELIEF, ALLEGES:

TWENTY-EIGHTH: Plaintiff has failed to name all proper parties, including, but not necessarily limited to Shambaugh & Son, LP.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE AGAINST THE PLAINTIFF, THE DEFENDANT, UPON INFORMATION AND BELIEF, ALLEGES:

TWENTY-NINTH: Plaintiff has failed to mitigate their damages.

WHEREFORE, defendant demands judgment dismissing the plaintiff's complaint herein, together with the costs and disbursements of this action.

Dated: Melville, New York
       October 1, 2007

                                Yours, etc.,

                                LEWIS JOHS AVALLONE AVILES, LLP
                                Attorneys for Defendant
                                425 Broad Hollow Road, Suite 400
                                Melville, NY 11747
                                631.755.0101

                                By: _____
                                   Jason T. Katz (4674)
                                   jtkatz@lewisjohs.com

TO:

DLA PIPER US LLP
1251 Avenue of t he Americas
New York, NY 10020-1104

David H. Berger (pro hac vice motion pending)
Syma Mirza (not admitted in SDNY)
DLA Piper USA
1200 19th Street, N.W.
Washington, DC 20036
Attorney for Plaintiff
McCormick & Company

STATE OF NEW YORK)
                 ) S.S.:
COUNTY OF SUFFOLK)

        JESSICA COLANGELO, being duly sworn, deposes and says:

        That deponent is not a party to the within action, is over 18 years of age and resides in Oceanside, New York.

        That on the 1st day of October, 2007, deponent served the within ANSWER on the attorneys below set forth representing the parties, as indicated, at the addresses shown, said addresses being designated by said attorneys for that purpose:

DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY 10020-1104

David H. Berger (pro hac vice motion pending)
Syma Mirza (not admitted in SDNY)
DLA Piper USA
1200 19th Street, N.W.
Washington, DC 20036
Attorney for Plaintiff
McCormick & Company

by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York

                                              _____
                                              JESSICA COLANGELO

Sworn to before me this
1st day of October, 2007.

_____
**LINDA LANSKY**
**Notary Public, State of New York**
**Registration No. 01LA5078604**
**Qualified in Nassau County**
**Commission Expires: 05/27/11**

Index No. 07-CV-7244                                  Year 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

McCORMICK & CO., INC.,

                        Plaintiff,

- against -

KARI-OUT CLUB, LLC,

                        Defendants

## ANSWER

# LEWIS JOHS
### Lewis Johs Avallone Aviles, LLP
Counsellors at Law

*Attorneys for*

*Office and Post Office Address*
425 Broad Hollow Road, Suite 400 • Melville, NY 11747
631.755.0101 • Fax 631.755.0117
FILE #:_____

**CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. § 130-1.1a**

The undersigned hereby certifies that, pursuant to 22 N.Y.C.R.R. § 130-1.1a, the contentions contained in the annexed document(s) is not frivolous nor frivolously presented

Service of a copy of the within                                             is hereby admitted.

Dated,

               Attorney(s) for

Sir: Please take notice
☐ **NOTICE OF ENTRY**
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on         20
☐ **NOTICE OF SETTLEMENT**
that an order          of which the within is a true copy will be presented for
settlement to the HON.                                     one of the judges
of the within named court, at
on                       20     at          M.

                                                    *Yours, etc.*

Dated,

# LEWIS JOHS
### Lewis Johs Avallone Aviles, LLP
Counsellors at Law

To                                                *Attorneys for*

Attorney(s) for                                  *Office and Post Office Address*
                                                   425 Broad Hollow Road, Suite 400