UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
McCORMICK & CO., INC.,                                    07-CV-7244 (SCR)

               Plaintiff,            **DEFENDANT'S RESPONSE TO**
                                                      **PLAINTIFF'S SECOND SET OF**
      -against-                             **INTERROGATORIES**

KARI-OUT CLUB, LLC, t/a KARI-OUT CO.,

              Defendant.
------------------------------------------------------------------X
PERK UP, INC., s/h/a KARI-OUT CLUB, LLC,
t/a KARI-OUT CO.,
              Third Party Plaintiff,

      -against-

SHAMBAUGH & SON, LP,

              Third Party Defendant.
------------------------------------------------------------------X

**DEFENDANT, PERK UP, INC., s/h/a KARI-OUT CLUB, LLC, t/a KARI OUT CO.'s,
ANSWERS AND OBJECTIONS TO THE
PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Defendant, PERK UP, INC., s/h/a "KARI-OUT CLUB, LLC, t/a KARI-OUT CLUB, CO.", ("PERK UP") hereby responds to Plaintiff's Second Set of Interrogatories (the "Interrogatories") upon information and belief, as follows:

**GENERAL OBJECTIONS**

1. PERK UP objects to the Interrogatories to the extent that they seek to impose obligations beyond those permitted by the Federal Rules of Civil Procedure and/or Local Civil Rules of th United Stated District Court, Southern District of New York, including, but not limited to Fed.R.Civ.P.33(a) (which absent leave of court or written stipulation, permits the service upon another party of only 25 interrogatories, including discrete subparts) and Local Rule 33.3(a) (which, absent leave of court, permits at the commencement of discovery only

interrogatories "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.")

2. PERK UP objects to the interrogatories to the extent that they seek information that is not relevant to the claims or defense of any party, is not relevant to the subject matter of these actions and/or is not reasonably calculated to lead to the discovery of admissible evidence.

3. PERK UP objects to the Interrogatories to the extent that they seek information that is subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or immunity.

4. PERK UP objects to the Interrogatories to the extent that they are vague, ambiguous, unintelligible, insufficiently specific, use undefined terms capable of more than one interpretation, or require PERK UP to speculate as to the information requested.

5. PERK UP objects to the Interrogatories to the extent that they are overly broad, unduly burdensome, duplicative or cumulative.

6. PERK UP objects to the Interrogatories to the extent that they seek information that is not in PERK UP's possession, custody or control.

7. PERK UP objects to the Interrogatories to the extent that they seek information that is more readily available from another source, or for which the burden of obtaining such information is not substantially greater for the plaintiff than it is for PERK UP.

8. PERK UP objects to the plaintiff's definitions to the extent that they are vague and ambiguous.

## RESPONSE TO INTERROGATORIES

10. For each person listed in paragraph (A) of Defendant's Rule 26(a)(1) Initial Disclosures, to the extent the following information has not already been provided, please describe each individual's role, involvement, and knowledge of matters related to the fire, including but not limited to its cause(s), how it was extinguished, or any resulting damage, at plaintiff's manufacturing plant in South Bend, Indiana on October 18, 2006 ("Incident") and when and how each person obtained that knowledge.

RESPONSE: With respect to Peter Rodriguez, Chuck Davis, Steve Saraisky and Tim Lynch, these individuals roles, involvement and knowledge of matters related to the fire were previously provided in the defendant's response to plaintiff's First Set of Interrogatories. With respect to the remainder of the names disclosed in paragraph (A) of defendant's Rule 26(a)(1) Initial Disclosures, same are employees of defendant who had nothing to do with and have no knowledge of the use of a plasma torch or the fire at plaintiff's manufacturing plant on October 18, 2006.

11. Please describe the factual basis for asserting that any damage plaintiff suffered from the Incident was caused or contributed by plaintiff or some other party for which you are not responsible or liable, as stated in the TWENTY-FOURTH paragraph of the Answer, including the names of all such other parties and persons as well as what you claim they did or did not do in connection with the Incident.

RESPONSE: The party for which the defendant is not responsible and who contributed to the complained of occurrence is Shambaugh & Son, LP ("Shambaugh"). It is alleged that Shambaugh was charged with the responsibility of supervising all of the work being performed by the defendant at plaintiff's manufacturing and packaging plant prior to the fire. That Shambaugh permitted the use of a plasma torch by the defendant with respect to its removal of

equipment from the plaintiff's manufacturing and packaging plant prior to the fire; that the plasma torch was being utilized by Charles Davis while standing on an A-frame ladder and that at no time did anyone from Shambaugh instruct or direct Mr. Davis to stop using the plasma torch in the manner in which he was using it prior to the fire. This is so despite the fact that there were, upon information and belief, several employees of Shambaugh working in and around the area where Mr. Davis was using this torch.

12.    Please describe the factual basis for asserting that any damage plaintiff suffered from the Incident resulted from Plaintiff's conduct or the conduct of plaintiff's contractors and/or subcontractors, as stated in the TWENTY-FIFTH paragraph of the Answer, including the names of all such contractors, subcontractors, and relevant individuals involved as well as what you claim each contractor, subcontractor and relevant individual involved as well as what you claim each contractor, subcontractor and individual did or did not do in connection with the Incident.

RESPONSE:  See paragraph "11".

13.    Please describe the factual basis for asserting that plaintiff has failed to name Shambaugh & Son, LP as a proper party, as stated in the TWENTY-EIGHTH paragraph of the Answer.

RESPONSE: Upon information and belief, Shambaugh and plaintiff entered into a contract and/or agreement whereby Shambaugh was responsible for supervising the work performed by the defendant and for insuring that plaintiff's safety practices and/or guidelines were followed. To the extent Shambaugh failed to properly supervise the defendant and/or the defendant's employees during the course of its removal of equipment from the plaintiff's manufacturing and packaging plant, defendant believes that Shambaugh breached its agreement with the plaintiff, and that said breach caused and/or contributed to the happening of the

Incident. Accordingly, Shambaugh should have been made a party to this action by the plaintiff, as the defendant is estopped from bringing such an action pursuant to Indiana Code 34-51-2-12. In light of the failure of the plaintiff to commence action against Shambaugh, the defendant is entitled to the benefit(s) afforded under Indiana Code 34-51-2-7, et seq.

Dated: Melville, New York
       March 19, 2008

By: _____
Jason T. Katz (4674)
LEWIS JOHS AVALLONE AVILES, LLP
Attorneys for Defendant
425 Broad Hollow Road
Melville, New York 11747
(631) 755-0101
LJAA File No.: 114-1076

TO:

John Vukelj, Esq.
Stephanie Vogel, Esq.
DLA PIPER US LLP
Attorneys for Plaintiff
1251 Avenue of the Americas
New York, NY 10020-1104
(212) 335-4500

David H. Bamberger (admitted pro hac vice)
Syma Mirza (SM 1749)
DLA PIPER US LLP
500 8th Street, N.W.
Washington, DC 20004
(202) 799-4500

STATE OF NEW YORK)
                         ) S.S.:
COUNTY OF SUFFOLK)

        JESSICA COLANGELO, being duly sworn, deposes and says:

        That deponent is not a party to the within action, is over 18 years of age and resides in Oceanside, New York.

        That on the 19th day of March, 2008, deponent served the within RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES on the attorneys set forth below who represent the parties, as indicated, at the addresses shown, said addresses being designated by said attorneys for that purpose:

DLA PIPER US LLP
Attorneys for Plaintiff
1251 Avenue of the Americas
New York, NY 10020-1104

David H. Bamberger (admitted pro hac vice)
Syma Mirza (SM 1749)
DLA PIPER US LLP
Attorneys for Plaintiff
500 8th Street, N.W.
Washington, DC 20004

by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York

                                                          JESSICA COLANGELO

Sworn to before me this
19th day of March, 2008

_____
NOTARY PUBLIC

JO ANNE F. PETTY
NOTARY PUBLIC, State of New York
No. 9460575
Qualified in Suffolk County
Commission Expires February 28, 2011